New Jersey Department of Labor,
Workmen's Compensation Bureau.

MARGARET THORBURN, PETITIONER, v. L. BAMBERBER & COMPANY, RESPONDENT.

This matter coming on before the court and it appearing to the court that the petitioner filed a formal petition and an answer was filed by the respondent denying that the accident alleged in petition arose out of or during the course of her employment, and the petitioner testified that she was employed by L. Bamberger & Company as a waitress, and that on May 28th, 1928, one of the other waitress' arm hit her in the breast and she did nothing about it for a week or ten days and later felt a pain there and reported to the hospital at Bambergers and the doctor there treated the condition and it got worse and she then went to Dr. Charles M. Robbins, and he operated on petitioner for cancer and removed the entire left breast.

Dr. Charles M. Robbins was sworn in and testified that he did operate on the petitioner and that in his opinion she was suffering from a cancer which was of a longer standing than the May, 1928, alleged accident, and that in his opinion the cancer was not the result of a trauma but that it was possible that a trauma might aggravate a dormant cancerous condition. The doctor is of the opinion that this cancer was quite extensive and could not possibly have resulted from the injury received in May, 1928.

The matter was settled between the parties wherein the petitioner was to receive and the respondent agreed to pay the sum of $650 net in one payment and assume the bill of Dr. Robbins in the amount of $350 and the hospital bill in the sum of $115.50, and the attorney for the petitioner, Mr. Kessell, is to be paid the sum of $125 by respondent.

The respondent, without admitting or denying the accident and without admitting or denying liability, agrees to pay the foregoing figures in full and final settlement of the disputed question as to whether or not this condition was a result of the accident alleged by petitioner, and the petitioner in consideration therefore agrees to accept said sum of money in full and final settlement of all claims which she now has against L. Bamberger & Company on account of her present condition and agrees that at no time will she make a claim for further compensation on account of this accident.

I, having heard the testimony in open court and having explained to the petitioner the terms of the settlement and she having agreed thereto without any reservations of any kind, it is therefore * * * ordered that the respondent pay to the petitioner the sum of $650 in one payment and that the respondent further pay Dr. Robbins' bill of $350, hospital bill of $115.50, and the attorney for the petitioner, Mr. Kessell, the sum of $125 in full and final settlement of all claims arising out of this alleged accident, and I approve of the settlement above set forth.

HARRY J. GOAS,
*Deputy Commissioner.*